AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of Delaware

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| MARK NEPI | ) | Case No. |
| | ) | 22-226M |
| | ) | |
| | ) | |
| Defendant(s) | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __July 6, 2022__ in the county of __New Castle__ in the _____ District of __Delaware__ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 26 U.S.C. § 5861(d) | Possession of a National Firearms Act firearm (silencer) not registered on the National Firearms Registration and Transfer Record |

This criminal complaint is based on these facts:

See attached affidavit

☑ Continued on the attached sheet.

*Marissa Favata*
Complainant's signature

Marissa Favata, Special Agent, ATF
Printed name and title

Attested to by the applicant in accordance with Fed. R. Crim. P. 4.1 by telephone.

Date: __July 7, 2022__

Judge's signature

City and state: __Wilmington, Delaware__   Hon. Sherry R. Fallon, U.S. Magistrate Judge
Printed name and title

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Criminal Action No. 22 – _____ |
| v. | |
| **MARK NEPI** | |
| Defendant. | |

**AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT**

I, Marissa Favata, being duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I, your Affiant, Marissa Favata, is a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), and has been employed as such since August 2019. I am currently assigned to the ATF Baltimore Field Division, Wilmington Field Office. I have a Bachelors Degree in Science majoring in Health Education with a concentration in Community Outreach from East Stroudsburg University and a Masters Degree in Science majoring in Management from the Johns Hopkins University Public Safety Leadership Program. In October 2018, I attended the Department of Homeland Security's Criminal Investigator Training Program and the ATF's Special Agent Basic training at the Federal Law Enforcement Training Center for a combined total of 26 weeks. I received extensive training in the provisions of firearms and narcotics laws administered under Title 18, Title 21, and Title 26 of the United States Code.

2. I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws.

3. I am currently assigned to the investigation of Mark NEPI ("NEPI"). I make this affidavit in support of a criminal complaint for NEPI for a violation of 26 U.S.C. § 5861(d), Possession of a firearm without registration in the National Firearms Registration and Transfer Record ("NFRTR").

4. All information contained in this Affidavit is either personally known by me or has been told to me by other law enforcement agents unless otherwise indicated. Because this Affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included every fact known to me concerning this investigation. Rather, I have set forth only the facts necessary to establish probable cause that NEPI violated 26 U.S.C. §5861(d).

## PROBABLE CAUSE

5. The National Firearms Act ("NFA"), 26 U.S.C. § 5801 *et seq.*, regulates the manufacture, sale, and transfer of specific types of firearms, including any silencer, 26 U.S.C. § 5845(a)(7), defined as "any device for silencing, muffling, or diminishing the report of a portable firearm, including any combination of parts, designed or redesigned, and intended for use in assembling or fabricating a firearm silencer or firearm muffler and any part intended only for use in such assembly or fabrication." 18 U.S.C. § 921(a)(24). 26 U.S.C. § 5861(d) prohibits possession of an NFA firearm without registering it on the NFRTR.

6. On July 6, 2022, ATF and United States Department of Homeland Security Investigation agents executed a Federal Search warrant at 2745 Tanager Drive, Wilmington, Delaware 19808. Through an ongoing investigation, the residence was known to be occupied by NEPI. NEPI is currently the sole occupant of the residence.

7. During the search, agents located items in a cardboard box on top of a workbench in the second-floor bedroom. Each item was examined by ATF Firearms and Ammunition

Technology Division experts who determined that each item was a functional firearm silencer or could be readily converted into a firearm silencer. Images of these items are below:





8. NEPI was taken into custody the same day for an active State of Delaware arrest warrant. During a post-*Miranda* interview, NEPI stated that there were "solvent traps" located on the desk in his bedroom.

9.      Through my training and experience, as well as in speaking with ATF Firearm experts, I know that "solvent traps" is a name frequently used to disguise a firearm silencer. Through my training and experience and speaking with ATF firearm experts, I know while many "solvent traps" have legitimate purposes, some are sold with index markings, showing where a hole would need to be drilled in order to modify the "solvent trap" into a firearm silencer. Because they can quickly be converted into a working silencer, "solvent traps" with these types of markings are "intended for use in assembling or fabricating a firearm silencer" and considered NFA firearms. 26 U.S.C. § 5845(a)(7); 18 U.S.C. § 921(a)(24).

10.     As shown in the images below, the items found in NEPI's bedroom had such index markings on one end:

 

11.     There is probable cause to believe that NEPI was aware that these items were firearm silencers. On April 20, 2004, while NEPI was under state supervision following a disorderly conduct conviction, Delaware Probation and Parole conducted an administrative search at his home. After several illegal items were observed within the home, a judicial search warrant was sought and executed. NEPI was found to be in possession of several firearms, including a

firearm silencer.  There was also literature found at his home related to firearm silencers and how to manufacture them including but not limited to: "How To Make Disposable Silencers"; "The Hayduke Silencer Book", and "Improvised Suppressors".

12. After reviewing NEPI's criminal history, I known that in April 2005, NEPI plead guilty in Federal Court in the District of Delaware to a violation of 26 U.S.C. § 5845, Possession of an Unregistered Firearm.  NEPI is aware that he was convicted of a crime punishable by more than one year imprisonment because he was sentenced to 12 months and one day imprisonment for this crime.

13. I know based on my training and experience that prohibited persons, such as NEPI, will not be approved to register a weapon on the NFRTR.  I also requested a check of the NFRTR and confirmed on July 5, 2022 that NEPI has never registered a weapon on the NFRTR.  Therefore, NEPI cannot legally possess an NFA firearm, including a firearm silencer.

///

## CONCLUSION

14. Based on the information provided to me by law enforcement and my person knowledge, there is probable cause to believe that NEPI violated 26 U.S.C. § 5861(d), Possession of a firearm without registration in the National Firearms Registration and Transfer Record and therefore I respectfully request that the Court authorize a criminal complaint.

Respectfully submitted,

*Marissa Favata*
Marissa Favata
Special Agent, ATF

Subscribed to and sworn to me via telephone pursuant to Federal Rule of Criminal Procedure 4.1 this  7th   day of July, 2022.

HONORABLE SHERRY R. FALLON
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF DELAWARE